IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARALLEL NETWORKS LICENSING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendants. | Civil Action No. 13-2073(KAJ) |

# MEMORANDUM OPINION

Adam W. Poff, Esq., Pilar G. Kraman, Esq., Young Conaway Stargatt & Taylor, 1000 N. King Street, Wilmington, DE 19801, *Counsel for Plaintiffs*
    Of Counsel:   Douglas A. Cawley, Esq., Christopher T. Bovenkamp, Esq., Eric S. Hansen, Esq., Avery R. Williams, Esq., Justin W. Allen, Esq., McKool Smith, PC, 300 Crescent Court – Ste, 1500, Dallas, TX 75201
Angela M. Vorpahl, Esq., McKool Smith, PC, 1 Bryant Park – 47th Fl., New York, NY 10036
John B. Campbell, Esq., Leah Bhimani Buratti, Esq., Kevin P. Hess, Esq., McKool Smith, PC, 300 W. 6th Street – Ste. 1700, Austin, TX 78701

Martina Tyreus Hufnal, Esq., Nitika Gupta, Esq., Ronald P. Golden, III, Esq., Fish & Richardson PC, 222 Delaware Avenue, 17th Fl., Wilmington, DE 19801
Juanita R. Brooks, Esq., Jason W. Wolff, Esq., Joanna M. Fuller, Esq., Fish & Richardson PC, 12390 El Camino Real, San Diego, CA 92130
Stephen A. Marshall, Esq., Fish & Richardson PC, 1425 K Street, N.W., 11th Fl., Washington, DC 20005, *Counsel for Defendants*

September 26, 2017
Wilmington, Delaware

[signature]

JORDAN, Circuit Judge, sitting by designation

Parallel Networks filed this action on December 20, 2013, alleging that Microsoft infringed U.S. Patent Nos. 5,894,554 ("the '554 patent") and 6,415,335 ("the '335 patent"). (D.I. 1.) The case went to trial from May 8 to May 11, 2017. (D.I. 442-45.) At the conclusion of Microsoft's defense, Parallel Networks sought judgment as a matter of law under Federal Rule of Civil Procedure 50(a) as to invalidity and infringement. (Tr. 1074, 1096.) I granted the motion with respect to invalidity and denied the motion with respect to infringement.[1] (Tr. 1074, 1099.) At the conclusion of the trial, the jury returned a verdict in favor of Microsoft. (D.I. 435.) Parallel Networks then filed a renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b). (D.I. 456) It argued that "Microsoft failed to raise any legally sufficient evidentiary basis for the jury to find that it did not infringe the three disputed claim terms: request, releasing, and intercepting." (D.I. 457 at 4.) At the same time, Parallel Networks filed a motion for a new trial under Federal Rule of Civil Procedure 59, (D.I. 458) arguing that Microsoft made several improper arguments that caused juror confusion. (D.I. 459 at 1.) For the following reasons, I will deny both motions.

## I. Renewed Motion for Judgment as a Matter of Law

"Entry of judgment as a matter of law is a 'sparingly' invoked remedy[.]" *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007). A motion for judgment as a matter of law may be granted only if "there is no legally sufficient evidentiary basis for a

---

[1] Microsoft acknowledged that it had not presented an invalidity defense. (Tr. 1074, 1077.)

2

reasonable jury to find" as it did. *Bullen v. Chaffinch*, 336 F. Supp. 2d 342, 346 (D. Del. 2004) (quoting Fed. R. Civ. P. 50(a)) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000)). In deciding whether a verdict is reasonable, I must review all the evidence in the record and "draw all reasonable inferences in favor of the nonmoving party[.]" *Reeves*, 530 U.S. at 150. I must then "disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* at 151.

At trial, Microsoft presented three non-infringement arguments. First, it argued that the accused systems did not satisfy the "single request" limitation. (Tr. 1204.) Second, it argued that the accused systems did not satisfy the "release" limitation. (Tr. 1205.) And third, it argued that the accused systems did not satisfy the "intercept" limitation.[2] (Tr. 1209-12.)

To show infringement, a plaintiff has to prove that the accused product satisfies *each* limitation of a claim. *Pfizer, Inc. v. Teva Pharm., USA, Inc.*, 429 F.3d 1364, 1376 (Fed. Cir. 2005); *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1273 (Fed. Cir. 2004). As a result, I must uphold the verdict if a reasonable jury could have found in favor of *any* of Microsoft's non-infringement arguments.

My inquiry at this point starts and ends with the "intercepting" limitation. Parallel Networks argues that Microsoft's non-infringement arguments "improperly narrowed the Court's claim construction[.]" (D.I. 457 at 19.) I disagree. During claim construction, the parties agreed that "intercepting" means "diverting the handling of said request before

---

[2] The asserted claims, including the challenged limitations, are described in more detail in my summary judgment opinion. (D.I. 360.)

3

the request is processed by the Web server/HTTP-compliant device." (D.I. 67 at 6.) At trial, Microsoft argued that it did not infringe because its systems engaged in substantial processing before the request was diverted. As counsel for Microsoft said in her closing, "you saw over and over again we handle truly the living daylights out of these requests at the web server before they're diverted." (Tr. 1210.) Because Microsoft's theory is consistent with the ordinary meaning of the parties' agreed claim construction, I cannot conclude that Microsoft's arguments were improper. *Cf. Hewlett-Packard Co. v. Mustek Sys., Inc.*, 340 F.3d 1314, 1321 (Fed. Cir. 2003) ("The verdict must be tested by the charge actually given and by giving the ordinary meaning of the language of the jury instruction.").

With respect to the evidence itself, there is no doubt that Microsoft presented sufficient evidence to show that its systems engaged in a great deal of processing of its systems' requests before diverting them. (*See* Tr. 891-95 (Microsoft witness Alam testifying about the processing that takes place at the web server); Tr. 952 (Microsoft witness Dr. Maltz testifying about the processing that takes place at the "FrontDoor" part of the web server).) Parallel Networks conceded as much when it acknowledged that its renewed motion challenges Microsoft's legal theory, rather than the factual sufficiency of its defense. (D.I. 466 (Parallel Networks acknowledging that "Microsoft ... present[ed] overwhelming evidence ... support[ing] its non-infringement theories"); *see also* Tr. 480-

4

84 (Parallel's expert, Dr. Jones, indicating that he did not recall what processing took place in Microsoft's web server).)[3] That should end the matter.

It has not ended it, however, because Parallel Networks insists that the non-infringement theory was geared to a faulty interpretation of my claim constructions. In presenting its argument, Parallel Networks relies in large part on my summary judgment decision. But that reliance ignores vital differences between that context and this. Before the trial, Microsoft sought summary judgment of non-infringement, suggesting that, under the Court's construction, the "intercepting" limitation could only be satisfied if *no* processing took place at the web server. (D.I. 360 at 9.) In rejecting that argument, which functionally amounted to a newly proposed claim construction, I explained that the claim allows for "at least some processing" to take place at the web server before the request is diverted. (*Id.* at 10.) *Cf. Network Commerce, Inc. v. Microsoft Corp.*, 422 F.3d 1353, 1358 n.4 (Fed. Cir. 2005) (explaining that a court can use summary judgment to clarify a claim construction). That conclusion does not undermine the non-infringement theory Microsoft offered at trial. Saying that claims allow for "at least some processing" does not mean that the claims allow a "substantial" amount of processing, and it certainly does not mean that they allow the web server to engage in extensive processing (e.g., at

---

[3] To the extent that Parallel Networks disagrees with the Court's constructions, its argument also fails. "[P]arties cannot reserve issues of claim construction for the stage of post-trial motions. When issues of claim construction have not been properly raised in connection with the jury instructions, it is improper for the district court to adopt a new ... construction in connection with the JMOL motion." *Hewlett-Packard Co.*, 340 F.3d at 1320. Parallel Networks did not object to the Court's instructions regarding the "intercepting" limitation at trial, and it cannot do so now.

5

"the living daylights" level). (Tr. 1210.) My summary judgment decision fully accommodates Microsoft's non-infringement theory.

Because a reasonable jury could conclude that the accused products did not satisfy the "intercepting" limitation, and thus that Microsoft did not infringe, I do not need to consider the remaining limitations.[4]

## II. Motion for a New Trial

Under Federal Rule of Civil Procedure 59(a)(1)(A), "[t]he court may ... grant a new trial ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" The decision to grant a motion for a new trial should not be made lightly – "[a] new trial should be granted only where the 'great weight' of the evidence cuts against the verdict and 'where a miscarriage of justice would result if the verdict were to stand.'" *Springer v. Henry*, 435 F.3d 268, 274 (3d Cir. 2006) (quoting *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1076 (3d Cir. 1996) (en banc)).

Parallel Networks offers five arguments in support of its motion for a new trial. None have merit. The first two arguments are essentially the same as those made in Parallel Networks' renewed motion for judgment as a matter of law. Parallel Networks argues that Microsoft "applie[d] claim construction interpretations that were not

---

[4] I note, however, that Parallel Networks' remaining arguments would not fare any better. Parallel Networks argues that Microsoft's non-infringement positions relating to the "request" and "releasing" limitations were at odds with my claim construction, and, once again, I disagree. The non-infringement theories and evidence at trial were consistent with the claim construction.

consistent with the court's actual claim constructions[,]" (D.I. 459 at 5) confusing the jury and resulting in a verdict that was against the weight of the evidence. (D.I. 459 at 4, 13.) As explained above, Microsoft did not apply improper claim constructions, and the jury's verdict was reasonable.

Parallel Networks' third argument is that Microsoft confused the jury by using evidence of its past inventions "to support an improper non-infringement argument, and to misleadingly conflate invalidity with infringement." (D.I. 465 at 2.) That argument lacks support. Throughout the trial, Microsoft argued that it developed its own solution to the load-balancing problem and that its solution did not infringe the asserted claims. (Tr. 803-05 (describing its load-balancing method), Tr. 870-72 (describing Microsoft systems), Tr. (1013-38 (arguing that Microsoft's systems do not infringe); Tr. 1180-84 (summarizing the argument).) That argument is not improper. Microsoft did not rely on its invention to assert an invalidity defense. In fact, Microsoft dropped its invalidity defense and agreed to modify the jury instructions to make clear that the infringement was the only issue in the case.[5] (Tr. 1094.) Nor did Microsoft make an improper non-infringement argument. While Microsoft referenced its earlier method of load-balancing, it explained that its system was different from the asserted invention. (Tr. 1183-84.) In sum, Microsoft's references to its earlier system do not provide a basis for a new trial.[6]

---

[5] There can be no doubt that the jury instruction was understood – Parallel Networks called out the instruction in its closing arugment. (Tr. 1216 (relying on the verdict form to show that invalidity was not an issue in the case).)

[6] In its reply brief, Parallel Networks argues that Microsoft presented its evidence with ill intent. (D.I. 465 at 1-2, 8 (arguing that Microsoft "kept the Court and Parallel in

7

Fourth, Parallel Networks argues that Microsoft advanced a "prior commercial use defense" in its closing argument. (D.I. 459 at 18.) According to Parallel Networks, "Microsoft contended that it did not infringe because Microsoft commercially released the patented load balancing technology before the patents-in-suit were filed[.]" (*Id.*) Try as they might, Parallel Networks is unable to point to any place in the record where Microsoft actually made that argument. As explained above, Microsoft argued that it engaged in load-balancing before the patents-in-suit were filed, but it also demonstrated that its invention was different from the asserted claims. Microsoft did not present a prior commercial use defense. In any case, Parallel Networks did not raise its objection at trial, so any issue that may have existed is forfeited. *Waldorf v. Shuta*, 142 F.3d 601, 629 (3d Cir. 1998) ("[I]t is clear that a party who fails to object to errors at trial waives the right to complain about them following trial.") (citing *Murray v. Fairbanks Morse*, 610 F.2d 149, 152 (3d Cir. 1979).

Finally, Parallel Networks argues that a new trial is warranted "for Microsoft's improper reliance on its own patents as a defense to infringement." (D.I. 459 at 19.) Once again, that argument finds no support in the record. Contrary to Parallel Networks' assertions, Microsoft never used its patents as a defense to infringement. While Microsoft *did* reference its patents, it did so to show that its system was different from the

---

the dark as to its plan" in order to "introduce ... irrelevant and inadmissible ... evidence[,]" that Microsoft intended to "misleadingly conflate invalidity with infringement[,]" and that Microsoft acted with "duplicity").) Parallel Networks does not offer anything but pure speculation to support those strident accusations. I will not grant a new trial on the basis of speculation. That is especially true here, where, as already explained, Microsoft's arguments are on their face fully legitimate.

8

asserted claims and to refute Parallel Networks' willfulness arguments. To the extent that those arguments confused the jury, any prejudice was cured by my instructions on the law, which reminded the jury that "ownership of patents is not a defense to patent infringement and Microsoft can still infringe even if it has its own patents in the same area." (D.I. 433 at 18.) Microsoft's mention of its patents does not warrant a new trial.

### III. Conclusion

For the reasons stated, I will deny Parallel Networks' renewed motion for judgment as a matter of law (D.I. 456) and will deny Parallel Networks' motion for a new trial (D.I. 458).