IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PARALLEL NETWORKS LICENSING, )
LLC, )
 )
 Plaintiff, )
 )  Civil Action No. 13-2073(KAJ)
v. )
 )
MICROSOFT CORPORATION, )
 )
 Defendants. )

MEMORANDUM ORDER

On September 26, 2019, Microsoft Corporation timely filed a bill of costs under District of Delaware Local Rule 54.1. (D.I. 500.) Parallel Networks Licensing, LLC, filed objections, arguing that the bill of costs was too vague. (D.I. 502.) On November 5, 2019, the Clerk denied Microsoft's bill of costs. (D.I. 503.) Microsoft filed a motion to review the taxation of costs, (D.I. 505,) and Parallel filed a brief in opposition. (D.I. 508).

I will grant in part and deny in part Microsoft's motion to tax costs against Parallel Networks. As to fees for deposition transcripts and deposition recordings, while it would have been helpful if Microsoft had provided additional information to support the taking of the depositions, no one argues that the depositions failed to address material issues in the case. The argument is solely that Microsoft was not specific enough in its justification under Local Rule 54.1. But, having seen at trial and in motions practice that

discovery record has been put to good use, and concluding that the depositions have aided in the resolution of material issues, I order the taxation of the deposition costs. *See* 28 U.S.C. § 1920 (permitting the taxation of costs for "printed or electronically recorded transcripts necessarily obtained for use in the case[.]"); *Honeywell Int'l Inc. v. Nokia Corp.*, No. 04-1337-LPS, 2014 WL 2568041, at *9 ("Section 1920 has been interpreted as permitting the taxation of costs for depositions used in deciding summary judgment motions." (quoting *In re Baby Food Antitrust Litig.*, 166 F.3d 112, 138 (3d Cir. 1999))).

Similarly, as to costs for document production and trial exhibits, Local Rule 54.1(b)(5) allows those costs to be taxed when they are necessary. Parallel Networks disputes those costs as too vaguely justified but does not argue that they were unnecessary. Although, again, it would have been helpful had Microsoft included a greater explanation as to why documents and exhibits were necessary, "in complex patent litigation involving hundreds of thousands of documents and copies, parties cannot be expected to track the identity of each photocopied page along with a record of its relevance to the litigation." *See id.* at *6 (quoting *Summit Tech., Inc. v. Nidek Co., Ltd.*, 435 F.3d 1371, 1378 (Fed. Cir. 2006)). Accordingly, costs for deposition transcripts ($38,421.30), document production ($72,555.18), and trial exhibits ($71,708.20) are granted.

As to costs for trial transcripts, however, Local Rule 54.1(b)(2) specifies that those fees are only taxable "when requested by the Court or prepared pursuant to stipulation." Microsoft argues that the costs were necessary for its motions for Judgment as a Matter

of Law and for a New Trial. Although that may be true, that reason is not covered by our local rule, so costs for trial transcripts are denied ($8,445.50).

IT IS HEREBY ORDERED this 6th day of March, 2020, that Microsoft's bill of costs is GRANTED IN PART and DENIED IN PART, as stated herein.

                                                       Kent A. Jordan, Circuit Judge
                                                      Sitting by designation

Wilmington, Delaware